NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CESAR MONTIEL PEREZ,<br>　　　　　　Debtor. | BAP No. SC-21-1173-LBF<br><br>Bk. No. 18-07545-MM7 |
| MAURICE GRAYTON,<br>　　　　　　Appellant,<br>v.<br>TIFFANY L. CARROLL, United States<br>Trustee, San Diego,<br>　　　　　　Appellee. | Adv. No. 20-90002-MM<br><br>**MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Margaret M. Mann, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Maurice Grayton appeals the bankruptcy court's judgment imposing

$2,990 in fines and damages under § 110.[1] The bankruptcy court granted in

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, "Civil Rule" references are to the Federal Rules of Civil Procedure, and "LBR" references are to the Local Bankruptcy Rules for the Southern District of California.

1

part the United States Trustee's ("UST") motion for summary judgment, finding that Grayton was a bankruptcy petition preparer ("BPP") within the meaning of § 110(a)(1) and had violated several subsections of that statute by failing to disclose his name, address, and social security number, executing documents on behalf of the debtor, giving legal advice, and failing to file a disclosure of compensation. The bankruptcy court rejected Grayton's defenses that the debtor was an expert on bankruptcy issues and had authorized Grayton to sign the schedules and that Grayton was under duress when he abided by the debtor's demand to prepare the bankruptcy documents.

We AFFIRM.

## FACTS

### A. Bankruptcy Events

Cesar Montiel Perez ("Debtor") filed a chapter 7 bankruptcy petition in December 2018. The petition, Statement of Financial Affairs ("SOFA"), and Official Form 106Dec, "Declaration About an Individual Debtor's Schedules" ("Form 106Dec") all indicated that Debtor had not paid or agreed to pay someone who is not an attorney to help fill out the bankruptcy forms. The SOFA and the Form 106Dec, however, were signed, "Maurice Grayton for Cesar Montiel Perez." An application for waiver of the filing fee, which indicated that Debtor was unemployed, was also filed and granted. Although the application did not include Grayton's name or signature, the UST later alleged that Grayton had prepared the form and

2

advised Debtor on how to obtain the waiver, noting that the financial information on the application was "created" by Grayton and differed from that which Debtor provided to Grayton.

Debtor failed to appear for his initial § 341(a) meeting of creditors, and his case was dismissed. Thereafter, motions to reopen and to vacate the dismissal were filed in Debtor's name; the notice of the motion to reopen stated that it was being served by "Maurice Grayton, Movant, for Cesar Montiel Perez." The bankruptcy court granted the motions.

In May 2019, Debtor's case was dismissed after the bankruptcy court granted the UST's motion for denial of discharge under § 727(a)(8) on the ground that Debtor had received a discharge in a case commenced within eight years before the filing of the current petition.

## B. The UST's Adversary Proceeding Seeking Relief Under § 110

In January 2020, the UST filed an adversary complaint against Grayton alleging several violations of § 110. The complaint contained the following causes of action: (1) violation of § 110(b)(1) (failure to sign and print name and address on documents); (2) violation of § 110(b)(2) (failure to provide Rule 9009 notice re official forms); (3) violation of § 110(c)(1) (failure to provide BPP's social security number); (4) violation of § 110(e)(1) (execution of documents on behalf of debtor); (5) violation of § 110(e)(2)(B)(vii) (giving legal advice); (6) violation of § 110(g) (collecting filing fee from debtor); and (7) violation of § 110(h)(2) (failure to provide a declaration disclosing fee received from debtor).

The complaint sought, under §§ 110(h)(3) and (i)(1), disgorgement to the Debtor of the $1,371 fee he paid to Grayton plus double damages based on Grayton's fraudulent and deceptive conduct and, under §§ 110(j)(1) and (j)(2), a permanent injunction based on a pattern of fraudulent, unfair or deceptive conduct. In addition, the prayer for relief included a request that Grayton be fined $500 for each violation of § 110, or $22,500, and that the bankruptcy court triple these fines, for a total of $67,500.

Grayton filed an answer, in which he alleged he acted under duress in following Debtor's instructions to prepare and file the documents. He alleged that Debtor was an "active outlaw motor cycle [sic] gang member, who intimidated Defendant." The answer included statements suggesting that Grayton believed the adversary proceeding was a criminal matter. He stated, "Defendant vehemently request [sic] an entry and/or a plea of **NOT GUILTY** . . . ." He also invoked his "U.S. Constitution protections pursuant [to] the 5th and 14th Amendments[] from being compelled to give testimony that could incriminate Defendant . . . ." And he requested court-appointed counsel. The caption and signature block indicated that he demanded a jury trial.

Grayton refused to cooperate in discovery, even while propounding on the UST numerous interrogatories, requests for admissions ("RFAs"), and requests for production of documents. The interrogatories and RFAs sought admissions and answers not from the UST but from Debtor and his significant other, Irma Cisneros a.k.a. Irma Adelman ("Adelman"). Grayton

4

refused to meet and confer as required under Rule 7016 and LBR 7016-1(c) and to respond to the UST's discovery requests. He also failed to meet the bankruptcy court's extended deadline to provide his initial disclosures. He instead filed (1) a motion for summary judgment alleging that the bankruptcy court lacked jurisdiction because the adversary proceeding was untimely and that the complaint lacked merit, and (2) a motion in limine seeking to exclude evidence that he had engaged in fraudulent, unfair, or deceptive conduct. The UST opposed both motions.

Grayton failed to appear at the court-scheduled hearing on his motion for summary judgment and his requests for court-appointed counsel and for a jury trial. The bankruptcy court denied the motion for summary judgment, finding that it had jurisdiction, the complaint was timely, and there were disputed factual issues. The court also denied the other two requests, finding that Grayton had no right to either court-appointed counsel or a jury trial. The bankruptcy court extended the discovery cutoff to give the UST time to seek orders to compel. Grayton appealed the denial of his motions to the District Court for the Southern District of California ("District Court"), which eventually dismissed the appeal as interlocutory. Grayton's notice of appeal included a request for the adversary proceeding to be transferred to the District Court on the ground that he did not consent to a trial conducted by Judge Mann.

At a subsequent hearing, the bankruptcy court denied Grayton's motion in limine and his oral motion to recuse. Grayton appealed the order

5

denying the motion in limine to the District Court, which dismissed the appeal as untimely.

In the meantime, Grayton filed a motion to compel discovery and for sanctions under Civil Rule 37, applicable via Rule 7037. He also filed a motion to dismiss the complaint pursuant to Civil Rule 37(b)(2)(A)(v). The UST filed an omnibus objection and a motion to compel initial disclosures and for discovery sanctions. The bankruptcy court denied Grayton's motions and granted the UST's. The bankruptcy court reiterated that it saw no basis for recusal, apparently addressing a reference made in Grayton's motion to compel. Grayton appealed the denial of his motion to compel to the District Court, which dismissed for failure to prosecute. Grayton also appealed to the District Court the bankruptcy court's order granting the UST's motion to compel attendance at deposition and for sanctions. The appeal was dismissed as interlocutory.

In May 2021, the UST filed a motion seeking summary judgment on all causes of action in the complaint. Most of the facts underlying the motion were deemed admissions based on unanswered RFAs. Grayton did not file an opposition, but he appeared at the hearing. He refused to answer any of the court's questions "without the presence or assistance of counsel or before a jury." The bankruptcy court later issued its order granting in part the UST's motion; shortly thereafter, the bankruptcy court issued an order approving the UST's motion to withdraw the remaining claims and for entry of a final judgment. Grayton timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in denying Grayton's request for court-appointed counsel?

Did the bankruptcy court err in denying Grayton's jury demand?

Did the bankruptcy court err in denying Grayton's motion for summary judgment?

Did the bankruptcy court abuse its discretion in denying Grayton's motion in limine?

Did the bankruptcy court abuse its discretion in denying Grayton's motion to recuse?

Did the bankruptcy court abuse its discretion in denying Grayton's motion to dismiss the adversary proceeding, to compel discovery, and for sanctions under Civil Rule 37?

Did the bankruptcy court abuse its discretion in granting the UST's motions to compel attendance at deposition and for initial disclosures and for sanctions?

Did the bankruptcy court err in granting summary judgment in favor of the UST?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant or denial of summary judgment. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Entitlement to a jury trial is a question of law that we also review de novo. *Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review the bankruptcy court's evidentiary rulings and its rulings on the imposition of discovery sanctions for abuse of discretion. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001). Likewise, the bankruptcy court's denial of a motion to recuse, *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997), and its award of fines for violations of § 110 are reviewed for abuse of discretion. *Frankfort Digital Servs., Ltd. v. Neary (In re Reynoso)*, 315 B.R. 544, 550 (9th Cir. BAP 2004), *aff'd*, 477 F.3d 1117 (9th Cir. 2007). Denial of a request for court-appointed counsel is also reviewed for abuse of discretion. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested"; and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences

8

that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**DISCUSSION**

It is difficult to ascertain from Grayton's briefing what issues are on appeal. His opening brief does not clearly articulate precisely how the bankruptcy court erred in its rulings. Grayton seems to challenge the judgment and all of the bankruptcy court's interlocutory rulings, so we address them herein.

**A. The bankruptcy court did not abuse its discretion in denying Grayton's request for court-appointed counsel.**

The bankruptcy court correctly held that there is no right to counsel in bankruptcy cases or actions therein, citing *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18, 26-27 (1981), which held that there is no Sixth Amendment right to counsel unless the defendant faces the loss of physical liberty if he loses. *See also Wynn v. Eriksson (In re Wynn)*, 889 F.2d 644, 646 (5th Cir. 1989) (holding that bankruptcy court did not err in permitting debtor's counsel to withdraw and rejecting debtor's argument that he was being deprived of his constitutional right to counsel of choice in civil litigation). The bankruptcy court also correctly noted that California Government Code § 68651, although requiring appointment of counsel in civil cases in certain specified courts, was not applicable.[2] On appeal,

---

[2] That statute provides, in relevant part, that "[l]egal counsel shall be appointed to represent low-income parties in civil matters involving critical issues affecting basic human needs in those specified courts selected by the Judicial Council as provided in

Grayton has not argued otherwise, nor has he cited any applicable law to the contrary.

**B.    The bankruptcy court did not err in denying Grayton's jury demand.**

The bankruptcy court denied Grayton's jury demand, citing *Gould v. Clippard*, 340 B.R. 861, 881-82 (M.D. Tenn. 2006) (holding that BPPs defending litigation for violations of § 110 are not entitled to a jury trial because actions under that statute are core proceedings), and *In re Bascus*, 548 B.R. 742, 748 (Bankr. S.D. Tex. 2016) (holding that rights established in § 110 fall into the "public rights" exception and thus do not carry the right to a jury trial). *See also Demos v. Brown (In re Graves)*, 279 B.R. 266, 271-72 (9th Cir. BAP 2002) (holding that there is no constitutional or statutory right to a jury trial in an injunction action under § 110(j)). Again, Grayton proffers no citation to authority suggesting that this ruling was in error.

**C.    The bankruptcy court did not err in denying Grayton's motion for summary judgment.**

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The court must view the

---

this section." Cal. Gov't Code § 68651(a).

evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Fresno Motors, LLC*, 771 F.3d at 1125.

In Grayton's motion for summary judgment, he argued that the bankruptcy court lacked jurisdiction over the adversary proceeding because he was neither a debtor nor a creditor and because the complaint was untimely, erroneously citing Rule 4004, which sets the deadline for filing complaints objecting to discharge. Grayton also argued that there were disputed factual issues regarding whether Debtor was employed (i.e., whether the fee waiver application truthfully stated Debtor was unemployed) and whether Debtor consented to Grayton executing the documents. He again asserted that he was entitled to a jury trial. The UST opposed the motion. With that opposition, the UST submitted the declaration of her counsel, David Ortiz. Ortiz testified that he had met with Debtor and Adelman, who, among other things, informed Ortiz that they had paid Grayton $1,371 for assistance and advice regarding the preparation of the bankruptcy documents. Adelman provided a copy of a text message exchange between herself and Grayton (the "Text Messages"), in which she stated that Grayton had been paid more than originally agreed and asked him to "see this thing thru." Grayton responded, attaching a "Bill of Cost" and stating that he "no longer desire[d] 2 deal w the matter nor the stressors." The image of the "Bill of Cost" attached to the Text Messages is a handwritten itemization of charges totaling $1,371.

The bankruptcy court denied the motion, concluding that it had core jurisdiction over the adversary proceeding and that the complaint had been timely filed. The bankruptcy court held that material factual disputes, which Grayton admitted were present, precluded summary judgment. The court also noted that because § 110(e)(1) is a strict liability statute, Debtor's consent to Grayton's preparation of the documents was irrelevant.

On appeal, Grayton does not specifically address these conclusions. Apparently in response to the bankruptcy court's ruling on the consent issue, he states that the motion for summary judgment "was premised on the legal theory that the UST's lack of forth coming [sic] and had presented an Adversary Complaint with **'<u>Unclean Hands</u>'**, [sic] thus requesting the Court to **Impeach Debtor Perez** pursuant to Federal Rule of Evidence (FRE) 613 and FRE 806." He then states that he believes that, at a jury trial, Debtor would have been impeached on cross-examination. These arguments do not show that the bankruptcy court erred in denying the motion.

As noted, Grayton appealed to the District Court the bankruptcy court's denial of his motion for summary judgment. In his notice of appeal, he included a "REQUEST TO ENTER NON-CONSENT TO A TRIAL CONDUCTED BY JUDGE MANN AND <u>REQUEST FOR REMOVAL TO THE U.S. DISTRICT COURT</u>." On appeal, he complains that the bankruptcy court did not rule on this request. Leaving aside the procedural error of inserting such a request into a notice of appeal, Grayton's

12

arguments are simply a continuation of his assertion that he had the right to a jury trial, which he did not.

**D.  The bankruptcy court did not err in denying Grayton's motion in limine.**

Grayton's motion in limine sought to exclude evidence of Grayton engaging in fraudulent, unfair, or deceptive acts, on the ground that the UST would not be able to meet her burden of proof and that such evidence would be "speculative, irrelevant, and prejudicial." His memorandum of points and authorities reflected a complete misapprehension of the purpose of a motion in limine. He instead focused on the merits of the UST's claims, repeating many of the arguments made in his motion for summary judgment. To the extent any arguments were applicable, the motion was premature, as most of the arguments made could have been raised in the context of a trial, had Grayton not completely refused to cooperate in discovery or to answer the bankruptcy court's questions. Grayton seemed particularly concerned about the admission of the Text Messages, although he argued that they supported his allegation that he had acted under duress.

The bankruptcy court generously addressed the superfluous issues raised in the motion, but it ultimately denied the motion as moot because the court had already found Grayton not entitled to a jury trial and that it would "assess the admissibility and credibility of evidence at trial, removing the need for advance evidentiary rulings." The bankruptcy court

13

went on to state that the motion would have to be denied in any event because it was premature and lacked specificity.

On appeal, Grayton once again fails to provide any argument or authority showing that the bankruptcy court's ruling on the motion in limine was in error, and we see none.

**E.     The bankruptcy court did not abuse its discretion in denying Grayton's oral motion to recuse.**

At the hearing on Grayton's motion in limine, although he did not directly request recusal, he appeared to suggest that the bankruptcy court had already decided certain issues against him. The transcript of the telephonic hearing has several gaps, so his reasons are unclear. Apparently out of an abundance of caution, the bankruptcy court stated at the conclusion of the hearing, "I am not biased. I will admit that it is difficult when I'm interrupted but it does not prevent me from being fair to you and any other person that comes before me. And so to the extent you are suggesting I recuse[,] I deny that motion." This ruling was adopted in the minute order entered after the hearing.

"Recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Actual bias isn't required; the appearance of impropriety can be a sufficient basis for judicial recusal." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (citations and quotation marks omitted). Our review of the record reveals

14

nothing to suggest that the bankruptcy court's conduct raised any appearance of impropriety. To the contrary, the bankruptcy court demonstrated remarkable patience in dealing with Grayton's nearly incomprehensible pleadings and arguments. For example, the court took time to explain that some subsections of § 110 imposed strict liability, and it significantly reduced the fines requested by the UST and instructed the UST to discuss a payment plan with Grayton.

On appeal, Grayton argues that he was entitled to recusal "for a much more fit and competent finder of the material facts." The argument that follows assigns error to the bankruptcy court's rulings, which is not a basis for recusal. He also accuses the bankruptcy court of bias. For example, he argues that the July 14, 2021, status conference transcript suggests that the bankruptcy court was biased and prejudiced toward Grayton and that she acted with a "reckless deliberate indifference" to his rights. Grayton also accuses the bankruptcy court of incompetence and carelessness and being unethical. And in his reply brief, he accuses the bankruptcy court of being prejudiced against disabled veteran African-American BPPs.

A review of the cited transcript, however, reveals nothing to suggest bankruptcy court bias. That hearing was held after the bankruptcy court had entered its order partially granting the UST's motion for summary judgment; the purpose of the status conference was to determine whether the UST wished to pursue her remaining claims. The bankruptcy court

limited Grayton's comments, stating that it would not hear argument regarding previously decided issues. Otherwise, the court took the time to explain, in response to Grayton's claim that the UST's allegations were false, that it had limited the scope of its ruling to statements made by Grayton in his own papers.

At bottom, Grayton's bias allegations appear to be based solely on the fact that the bankruptcy court ruled against him. This is not a valid basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). In short, Grayton has not established any bias or antagonism warranting recusal.

**F.    The bankruptcy court did not err in denying Grayton's motion to dismiss, to compel discovery, and for sanctions.**

In Grayton's motion to dismiss the adversary proceeding, to compel discovery, and for sanctions under Civil Rule 37, he alleged that the UST had failed to respond to his interrogatories and requests for admission. He argued that the bankruptcy court's ruling denying his motion for summary judgment, which concluded that there were disputed factual issues, supported dismissal because the UST's failure to answer his discovery requests undermined his ability to prepare for trial.

The UST filed an opposition noting that the motion lacked specificity, did not comply with Civil Rule 37 because Grayton had not attempted to meet and confer, and he failed to provide any legal or factual basis for dismissal.

The bankruptcy court denied the motion. It noted that requests for admission and interrogatories could only be addressed to a party, while Grayton's discovery requests were addressed to Debtor and Adelman. The court also noted that Grayton's requests for production pertained to Debtor or his company and might not be in the control of the UST. Accordingly, the court continued the hearing for the UST to address whether she had turned over all documents within her control. The bankruptcy court also concluded that, even if sanctions were warranted, dismissal was not appropriate because the motion was the first time Grayton had raised discovery issues. After the continued hearing, the bankruptcy court found that the UST had complied fully with all of Grayton's discovery requests.

On appeal, Grayton disputes whether the UST had control over the Debtor or Adelman, citing the Ortiz declaration in opposition to Grayton's motion in limine, which stated that he had personal knowledge of the facts stated in that motion. Grayton seems to be referring to the Text Messages, but he does not elucidate further. Grayton simply states in various ways that the bankruptcy court was wrong and attacks Ortiz's competence and ethics.

But the bankruptcy court correctly found that Grayton's discovery requests failed to comply with the discovery rules because they were directed to non-parties. *See* Civil Rules 33, 34, and 36. And there was no showing that the UST failed to respond to procedurally proper discovery

requests. The bankruptcy court did not abuse its discretion in denying Grayton's motion.

**G.    The bankruptcy court did not abuse its discretion in granting the UST's motions to compel and for sanctions.**

The UST's initial motion to compel was based on Grayton's failure to meet and confer and to provide initial disclosures as required by the Rules, despite the bankruptcy court's direction to do so. The UST requested the court order Grayton to pay as a sanction the UST's expenses incurred in filing and serving the motion to compel. Grayton filed no opposition. The bankruptcy court granted the motion. Rather than issuing another motion to compel (the bankruptcy court had orally ordered Grayton twice before to comply with the discovery rules), the court ruled that Grayton would be precluded from presenting any documents that had not been produced to the UST. The court also awarded the UST fees of $1,339.20 as a sanction.

The UST also filed a motion to compel Grayton's attendance at a deposition and for additional sanctions. Again, Grayton did not file an opposition, and the bankruptcy court granted the motion. In a subsequently filed status report, the UST indicated that although Grayton appeared at the rescheduled deposition, he had refused to answer any questions, asserting a blanket Fifth Amendment privilege.

On appeal, Grayton does not seem to assign error to the bankruptcy court's granting of the motions to compel, but he argues that "Attorney Ortiz is not allowed to bill Appellant at any hourly rate, for any amount of

time spent on tasks . . . ." He seems to argue that doing so violated "the code of ethics." But he cites no authority for this proposition, and otherwise does not provide any basis upon which we could find reversible error in these rulings.

## H. The bankruptcy court did not err in granting summary judgment for the UST.

In May 2021, the UST filed her motion seeking summary judgment. The primary evidence in support of the motion consisted of deemed admissions based on Grayton's failure to respond to the UST's RFAs. Grayton did not file a written opposition, but he appeared at the hearing, and the court permitted him to argue.

After the hearing, the bankruptcy court entered an order granting in part the UST's motion. As an initial matter, the court noted that while the deemed admissions were not necessarily sufficient to justify summary judgment on all issues, Grayton had not asked for relief from the RFAs, and he had admitted many facts in his answer, motion for summary judgment, and motion in limine. In those documents, Grayton did not deny preparing and filing documents for Debtor but asserted that he did so under duress.

Section 110 of the Bankruptcy Code prescribes penalties for "persons who negligently or fraudulently prepare bankruptcy petitions." It defines a BPP as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares

19

for compensation a document for filing[.]" § 110(a)(1). The statute defines "document for filing" as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." § 110(a)(2).

The bankruptcy court found that Grayton qualified as a BPP under § 110(a)(1), based on his admissions that he helped Debtor prepare and file his bankruptcy schedules and evidence that Grayton expected to be paid for his services. Grayton does not argue to the contrary. The bankruptcy court also found that Grayton assisted with preparing and filing numerous bankruptcy documents.[3]

Section 110 imposes several requirements on BPPs. These include the requirements that a BPP must sign any document for filing and provide his social security number and name and address. §§ 110(b)(1) and (c)(1). A BPP must also file a declaration disclosing any fee received in the twelve months before the petition date and any unpaid fee charged to the debtor. § 110(h)(2). Section 110 prohibits a BPP from signing documents on behalf of the debtor or giving legal advice. § 110(e).

---

[3] Those documents were: (1) the petition; (2) fee waiver; (3) request for extension of time to file certificate of counseling; (4) schedules, summary of assets and liabilities, and SOFA; (5) Chapter 7 statement of current monthly income; (6) amended schedules; (7) second amended schedules; (8) request for 45-day extension of time to file schedules; (9) motion to vacate dismissal; (10) motion to reopen; (11) notice of motion to vacate dismissal; and (12) notice of motion to reopen.

The bankruptcy court found no triable issues of fact and thus granted summary judgment on the UST's first, third, fourth, fifth, and seventh causes of action, as follows:

1. Grayton violated § 110(b)(1) by failing to sign and print his name and address on the documents.

2. Grayton violated § 110(c)(1) by failing to list his social security number on the documents he filed.

3. Grayton violated § 110(e)(1) by executing documents on Debtor's behalf. The court also found that whether this was done at Debtor's instruction was not relevant because § 110 is a strict liability statute and consent is not an element of the cause of action.

4. Grayton violated §§ 110(e)(2)(A) and (e)(2)(B)(vii) by providing legal advice to Debtor regarding bankruptcy procedure and rights. The court found that Debtor's legal expertise was irrelevant given that § 110 is a strict liability statute.

5. Grayton violated § 110(h)(2) by failing to file a declaration disclosing any fee received in the twelve months before the petition date and any unpaid fee charged to the debtor.

The bankruptcy court found that there were triable issues of fact regarding the remaining causes of action and thus denied the motion in part.

21

The bankruptcy court rejected Grayton's defense that he acted under duress in abiding by Debtor's demands that Grayton fill out the schedules. The test for duress is objective and requires proof of: (1) an immediate threat of death or serious bodily injury that is constant and specific; (2) a well-grounded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm. *United States v. Gordon*, 526 F.2d 406, 407 (9th Cir. 1975). Grayton alleged that Debtor made threats against him and his family; he also construed the Text Messages as threatening. There was evidence that in early 2020 Grayton sought a restraining order against Debtor, which was ultimately denied. At the hearing on the restraining order, Debtor allegedly tapped Grayton on the back, and Grayton filed a police report with the bailiff and filed a civil complaint against Debtor for assault and battery.

The bankruptcy court found that, even if the allegations were true, there was no evidence of an immediate threat of death or serious bodily injury that was constant and specific at the time the § 110 violations occurred—Grayton did not seek the restraining order until over a year after the documents were filed. It also found that Grayton's general fear of Debtor after filing the documents was not substantial enough to be considered a well-grounded fear that some vague threat would be carried out. Finally, the bankruptcy court found that Grayton was never without a reasonable opportunity to escape harm because law enforcement was present in the courtroom when Debtor allegedly assaulted Grayton.

22

The bankruptcy court awarded $2,000 in damages to be paid to Debtor pursuant to § 110(i)(1), which provides:

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
> (A) the debtor's actual damages;
>
> (B) the greater of—
> (i) $2,000; or
> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
> (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

As discussed above, the bankruptcy court found that Grayton violated various sections of § 110; the court also found, as an alternative basis for the award, that Grayton engaged in unfair or deceptive conduct by failing to provide his information on documents filed with the court.

The bankruptcy court also awarded fines of $990 pursuant to § 110(*l*)(1), which authorizes a fine of up to $500 for each failure to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h). Section 110(*l*)(2)(D) requires tripling of those fines if the court finds that the BPP "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." The bankruptcy court did not award the full amount requested by the UST, noting that it had

23

discretion to do so and that reducing the fines was warranted in light of Grayton's financial situation. It found a total of 33 violations and awarded $10 per violation for a total of $330, tripled to $990, payable to the UST.

The bankruptcy court declined to impose a permanent injunction against Grayton acting as a BPP because there was no evidence Grayton had acted as a BPP and violated § 110 in other cases.

Grayton's appellate brief consists mostly of blanket allegations that the bankruptcy court was wrong and that it was biased and incompetent. His primary argument is that the judgment was based on false and misleading allegations and that the complaint fails to set forth the elements of a strict liability claim. In support, he cites *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010), in which the district court granted in part the defendant's motion to dismiss a complaint under Civil Rule 12(b)(6) for failure to state claims for manufacturing and design defects in a products liability case. It is not clear how this case applies.

Grayton also complains that he was not permitted to present his defense. He does not, however, explain how the bankruptcy court erred in its application of the undisputed facts to the law. He continues to assert that there are disputed factual issues with respect to Debtor's employment and his consent to Grayton preparing and filing documents and whether he prepared the documents under duress. But he does not explain how the bankruptcy court erred in its analysis of those issues. He also argues that the bankruptcy court used his own filed papers against him, which

violated his Fifth Amendment right against self-incrimination. He provides no specifics, nor does he cite any authority or argument to support this assertion. In short, Grayton has not articulated any reversible error in the bankruptcy court's ruling.

## CONCLUSION

For these reasons, the bankruptcy court did not err in awarding damages and fines for Grayton's violations of § 110. We therefore AFFIRM.